UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW OTIKER,

     Petitioner,

  v.

JEFFREY A. UTTECHT,

     Respondent.

CASE NO. 3:20-CV-6151-RSL-DWC

REPORT AND RECOMMENDATION

NOTED FOR:  October 15, 2021

   The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge David W. Christel.  Petitioner filed the petition pursuant to 28 U.S.C. § 2254. As discussed below, the petition should be dismissed without prejudice for failure to exhaust.

**BACKGROUND**

   On September 9, 2019, Petitioner pleaded guilty to one count of vehicular homicide. Dkt. 12-1 at 1, 11. On the same day, the trial court sentenced Petitioner to 100 months' imprisonment. *Id.* at 3. On June 25, 2021, the trial court resentenced Petitioner to 90 months' imprisonment

1    followed by 18 months' community custody. *Id.* at 15, 17–18, 24. Petitioner did not appeal the

2    original or amended judgment. Dkt. 11 at 2.

3        Meanwhile, on November 24, 2020, Petitioner filed his federal petition. Dkt. 5 at 1, 15.

4    Petitioner alleges that his conviction violated various constitutional provisions because the State

5    did not indict him by grand jury. *See, e.g.*, at 5, 7–8, 10. Petitioner admits that he did not raise his

6    claims in state court. *See, e.g.*, *id.* at 6–7, 9–10. Petitioner alleges that the state of Washington

7    "does not have the jurisdictional authority to decide [] U.S. constitutional matters." *See, e.g.*, *id.*

8    at 6. Furthermore, he alleges that "there are no remedies . . . as long as the state of Washington is

9    acting in willful defiance of federal processes and statutes." *See, e.g.*, *id.* at 7.

10       On August 26, 2021, the State filed a response. Dkt. 11. Relevant here, the State argues

11   that the petition must be dismissed without prejudice because Petitioner failed to exhaust state

12   court remedies. *Id.* at 5–7. Petitioner did not reply.

13                                    **DISCUSSION**

14       "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available

15   state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and

16   correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29

17   (2004) (citation and internal quotation marks omitted). "To provide the State with the necessary

18   opportunity, the prisoner must fairly present his claim in each appropriate state court (including a

19   state supreme court with powers of discretionary review), thereby alerting that court to the

20   federal nature of the claim." *Id.* (citation and internal quotation marks omitted); *accord*

21   *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Because the exhaustion doctrine is designed

22   to give the state courts a full and fair opportunity to resolve federal constitutional claims before

23   those claims are presented to the federal courts, we conclude that state prisoners must give the

24

1    state courts one full opportunity to resolve any constitutional issues by invoking one complete

2    round of the State's established appellate review process.").

3         Generally, a personal restraint petition ("PRP") is "Washington State's mechanism for

4    collateral challenges." *Barker v. Fleming*, 423 F.3d 1085, 1090 (9th Cir. 2005). "[A] personal

5    restraint petition may be used to assert the violation of a federal constitutional right even if the

6    defendant did not raise the issue on direct appeal." *Casey v. Moore*, 386 F.3d 896, 919 (9th Cir.

7    2004) (citation omitted). A defendant must first file a PRP in the Washington Court of Appeals

8    and then, if unsuccessful, seek discretionary review in the Washington Supreme Court. *See id.* at

9    915–18.

10        Here, Petitioner failed to exhaust state remedies. Petitioner concedes that he did not raise

11   his claims in state court. Likewise, he did not reply to Respondent's assertion that he failed to do

12   so. Petitioner's failure to challenge Respondent's assertion conclusively establishes that he failed

13   to exhaust state remedies. *See Phillips v. Pitches*, 451 F.2d 913, 919 (9th Cir. 1971) ("Petitioner,

14   in his traverse, has not disputed the contention [at issue], and thus this Court may accept the fact

15   that he has not exhausted his remedies with respect to this issue." (citing 28 U.S.C. § 2248)).[1]

16        Attempting to justify his failure to exhaust state remedies, Petitioner alleges that the state

17   of Washington "does not have the jurisdictional authority to decide [] U.S. constitutional

18   matters." *See, e.g.*, Dkt. 5 at 6. This is untrue. *See, e.g.*, *Casey*, 386 F.3d at 919 ("[A] personal

19   restraint petition may be used to assert the *violation of a federal constitutional right . . . .*"

20   (citation omitted)). Furthermore, Petitioner alleges that "there are no remedies . . . as long as the

21

22   ─────────────

23        [1] "Washington law allows a defendant on year after a judgment and sentence become[]
     final to file a collateral challenge to the judgment." Dkt. 11 at 6 (citing Wash. Rev. Code §
     10.73.090). Therefore, because the trial court resentenced Petitioner on June 25, 2021, he still

24   has time to collaterally attack his conviction. *Id.*

1  state of Washington is acting in willful defiance of federal processes and statutes." *See, e.g.*, Dkt.

2  5 at 7. However, allegedly "obvious constitutional errors . . . are [still] subject to the

3  requirements of § 2254(b)." *See Duckworth v. Serrano*, 454 U.S. 1, 4 (1981) (per curiam).

4        In sum, Petitioner has failed to exhaust state remedies. Therefore, his petition should be

5  dismissed without prejudice. *See Watson v. Lampert*, 27 F. App'x 824, 825 (9th Cir. 2001)

6  (district court "properly dismisse[s] [federal] petition without prejudice for failure to exhaust

7  [state remedies]" (citation omitted)).

8  **EVIDENTIARY HEARING**

9        The decision to hold an evidentiary hearing is committed to this Court's discretion.

10  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "In deciding whether to grant an evidentiary

11  hearing, a federal court must consider whether such a hearing could enable an applicant to prove

12  the petition's factual allegations, which, if true, would entitle the applicant to federal habeas

13  relief." *Id.* at 474 (citations omitted). "It follows that if the record refutes the applicant's factual

14  allegations or otherwise precludes habeas relief, a district court is not required to hold an

15  evidentiary hearing." *Id.* "[A]n evidentiary hearing is not required on issues that can be resolved

16  by reference to the state court record." *Id.* (citation and internal quotation marks omitted).

17        Here, because Petitioner has failed to exhaust state remedies, the record precludes relief.

18  So an evidentiary hearing is not warranted.

19  **CERTIFICATE OF APPEALABILITY**

20        A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

21  dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA)

22  from a district or circuit judge.  A certificate of appealability may issue only if a petitioner has

23  made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

24

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because petitioner has not so shown, a COA should be denied.

## *IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL

Petitioner should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

## CONCLUSION

As discussed above, it is recommended that the petition (Dkt. 5) be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. It is further recommended that this case be CLOSED and that a certificate of appealability be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 15, 2021** as noted in the caption.

Dated this 28th day of September, 2021.

David W. Christel
United States Magistrate Judge